UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.  No. 3:17-CV-01354

AN EASEMENT AND RIGHT-OF-WAY OVER
4.05 ACRES OF LAND, MORE OR LESS,
AND ADDITIONAL RIGHTS WITH RESPECT
TO PREEXISTING EASEMENTS AND RIGHTS-
OF-WAY OVER LAND IN MONTGOMERY
COUNTY, TENNESSEE, and
JOHNSON PROPERTIES, L.P.,
Defendants.

## JUDGMENT AND ORDER DISBURSING FUNDS

This action came on to be considered, and it appears to the Court, as evidenced by the signatures below, that the parties have agreed to resolve this action as hereinafter provided.

Plaintiff has deposited with the registry of this Court the sum of $250,000, plus any accrued interest thereon less the applicable registry fee, the disbursement of which is provided for in paragraph 2 below.

It is, therefore, **ORDERED AND ADJUDGED** that:

1. Defendant Johnson Properties, L.P., shall recover of the Plaintiff $250,000 as full compensation for the taking of the land herein condemned.

2. The Clerk of this Court is authorized and directed to draw a check on the funds on deposit in the registry of this Court (a) in the amount of $250,000, plus any accrued interest thereon less the applicable registry fee, payable to Johnson Properties, L.P., in full satisfaction of this Judgment and Order Disbursing Funds (Judgment), and to mail said check to Thomas N.

1

Bateman, Esq., BATEMAN & BATEMAN, P.C., P.O. Box 1008, Clarksville, Tennessee 37041-1008

3.  The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein on October 10, 2017 (Doc. 2), is hereby fully and finally confirmed with respect to the following-described property, said description being the same as in Attachment 1 to the Declaration of Taking filed herein (Doc. 2-1):

> EASEMENT AND RIGHT-OF-WAY AND ADDITIONAL EASEMENT RIGHTS WITH RESPECT TO PREEXISTING EASEMENTS AND RIGHTS-OF-WAY FOR ELECTRIC POWER AND COMMUNICATION CIRCUITS
>
> Permanent easement and right-of-way, consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol lines of transmission line structures with sufficient wires and cables for electric power circuits and communication circuits, and all necessary appurtenances, including guy wires, in, on, over, and across said right-of-way, together with the perpetual right to clear said right-of-way and keep the same clear of structures (including but not limited to flagpoles, solar panels, buildings, signboards, billboards), trees, brush, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush; to prevent the drilling or sinking of wells within the right-of-way; and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within five feet of any transmission line structure or conductor located thereon, the Tennessee Valley Authority to remain liable for any direct physical damage to the land and annual growing crops resulting directly from the operations of the construction and maintenance forces of its agents and employees in the erection and maintenance of or in exercising a right of ingress and egress to said transmission line structures, all upon, under, over, and across the following-described land:
>
> TRACT NO. SPTM-5
>
> A parcel of land located in the Sixth Civil District of Montgomery County, State of Tennessee, as shown on a map entitled "Montgomery-Clarksville No. 3 161-kV Transmission Line," drawing LW-9028, sheet 1, R.0, a reduced scale copy of which is attached to the Declaration of Taking filed herein, the said parcel being more particularly described as follows:
>
> Beginning at a point where the centerline of the transmission line location crosses the north property line of the land of Johnson Properties, L.P., and the south property line of the land of William Kenneth Bryant, said point being on the

centerline of the said location at survey station 27+44.63; said point being S. 81° 02' 54" E., 439.11 feet from the westernmost property corner common between the lands of Johnson Properties, L.P., and William Kenneth Bryant; thence leaving said point and with said property line S. 81° 02' 54" E., 57.12 feet to a point, said point being in the east right-of-way line of the said location; thence leaving said point and with said right-of-way line S. 19° 57' 24" E., 296.17 feet to a point; thence leaving said point and with the north right-of-way line of the said location N. 68° 47' 12" E., 37.51 feet to a point, said point being on the centerline of the US-TVA Davidson-Montgomery Transmission Line, Tap to Hankook (US-TVA drawing LW-5889, sheet 19A1, R.0); thence leaving said point and continuing with said right-of-way line N. 68° 47' 12" E., 109.96 feet to a point, said point being on the centerline of the US-TVA Cumberland-Montgomery Transmission Line (US-TVA drawing LW-8429, sheet 17, R.1); thence leaving said point and continuing with said right-of-way line N. 68° 47' 12" E., 125.62 feet to a point, said point being on the centerline of the US-TVA Davidson-Montgomery Transmission Line (US-TVA drawing LW-5889, sheet 19, R.0); thence leaving said point and continuing with said right-of-way line N. 68° 47' 12" E., 160.18 feet to a point; thence leaving said point and with the east right-of-way line of the said location S. 19° 57' 03" E., 2,261.67 feet to a point, said point being in an east property line of the land of Johnson Properties, L.P., and the west property line of the land of Dana E. Mahoney, et ux., said point being S. 7° 35' 02" W., 23.69 feet from a 3" iron pipe located at the northwest corner of the land of Dana E. Mahoney, et ux.; thence leaving said point and with said property line S. 07° 35' 02" W., 88.87 feet to an iron pin property corner, said point being a property corner common between the lands of Johnson Properties, L.P., Dana E. Mahoney, et ux., and Jack H. Dowlen, Jr., et al., said point being 8.91 feet left of survey station 58+42.14; thence leaving said point and with the property line common between the lands of Johnson Properties, L.P., and Jack H. Dowlen, Jr., et al., S. 85° 16' 49" W., 9.24 feet to a point, said point being on the centerline of the said location at survey station 58+39.71; thence leaving said point and continuing with said property line S. 85° 16' 49" W., 51.82 feet to a point, said point being in the west right-of-way line of the said location; thence leaving said point and with said right-of-way line N. 19° 57' 03" W., 2,222.21 feet to a point; thence leaving said point and with the south right-of-way line of the said location S. 68° 47' 12" W., 60.16 feet to a point, said point being on the centerline of the US-TVA Davidson-Montgomery Transmission Line (US-TVA drawing LW-5889, sheet 19, R.0); thence leaving said point and continuing with said right-of-way line S. 68° 47' 12" W., 125.60 feet to a point, said point being on the centerline of the US-TVA Cumberland-Montgomery Transmission Line (US-TVA drawing LW-8429, sheet 17, R.1); thence leaving said point and continuing with said right-of-way line S. 68° 47' 12" W., 109.96 feet to a point, said point being on the centerline of the US-TVA Davidson-Montgomery Transmission Line, Tap to Hankook (US-TVA drawing LW-5889, sheet 19Al, R.0); thence leaving said point and continuing with said right-of-way line S. 68° 47' 12" W., 137.53 feet to a point; thence leaving said point and with the west right-of-way line of the said location N. 19° 57' 24" W., 453.61 feet to a point, said point being the north property line of the land of Johnson Properties,

L.P., and the south property line of the land of William Kenneth Bryant; thence leaving said point and with said property line S. 81° 02' 54" E., 57.12 feet to the Point of Beginning and containing 4.05 acres, more or less, of new right-of-way and 3.01 acres, more or less, of preexisting rights-of-way.

Furthermore, said permanent easement rights include the perpetual right to install, maintain, and replace guy wires and necessary appurtenances outside the right-of-way for the transmission line structures located at survey stations 31+19.52 and 35+52.78.

The foregoing easement rights are acquired except insofar as those rights or any part thereof are already owned by Plaintiff, which heretofore acquired and now owns preexisting easements and rights-of-way for electric power transmission purposes over portions of said land totaling 3.01 acres, more or less, by virtue of grants of transmission line easement (Tracts DVM-165, MGW-2A, CMT-208, and MGWLH-2) recorded in Volume 74, page 511, Volume 118, page 378, Volume 1287, page 1746, and Volume 1596, page 1072, in the office of the Register of Montgomery County, Tennessee.

4. The Clerk of this Court shall furnish to Plaintiff a certified copy of this Judgment

which shall serve as a muniment of title.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

We hereby approve and consent
to the entry of this Judgment:

*s/James S. Chase*
James S. Chase (TN BAR 020578)
Frances Regina Koho (TN BPR 029261)
Michael V. Bernier (MS BAR 103960)
TVA GENERAL COUNSEL'S OFFICE
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone    865.632.4239
Email    jschase@tva.gov

Attorneys for Plaintiff

*s/Thomas N. Bateman* (by permission)
Thomas N. Bateman (TN BAR 002673)
Robert T. Bateman (TN BAR 014240)
BATEMAN & BATEMAN, P.C.
P.O. Box 1008
Clarksville, Tennessee 37041-1008
Telephone    931.647.5959
Email  tnbateman@batemanlaw.com
Email  rtbateman@batemanlaw.com

Attorneys for Defendant

90425245